**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE INSULIN PRICING LITIGATION | : | Civil Action No. 3:17-cv-0699-BRM-LHG |
| | : | **OPINION** |
| FRANK BARNETT, ALTHEA BENTELE, DIANNA GILMORE, MARK GOLDSMITH, RITCH HOARD, and TREMAYNE SIMONS, | : | |
| Plaintiffs, | : | Civil Action No. 3:17-cv-1580-BRM-LHG |
| v. | : | |
| NOVO NORDISK INC., *et al.*, | : | |
| Defendants. | : | |
| JULIA BOSS, RUTH A. HART, RUTH JOHNSON, LEANN RICE, and TYPE 1 DIABETES DEFENSE FOUNDATION, on behalf of themselves and all others similarly situated, | : | Civil Action No. 3:17-cv-1823-BRM-LHG |
| Plaintiffs, | : | |
| v. | : | |
| CVS HEALTH CORPORATION, *et al.*, | : | |
| Defendants. | : | |

1

```
_____
                                        :
SCOTT CHRISTENSEN, GAY DEPUTEE,         :
MARY ANN DEVINS, MILDRED FORD,          :
EMMA JENSEN, EDWARD JOHNSON,            :
ANGELA KRITSELIS, SUSAN LANDIS,         :
RUSSELL SCOTT PALMER, WILLIE            :
PHILLIPS, JON UGLAND, ANDREW            :
VAN HOUZEN,                             :   Civil Action No. 3:17-cv-2678-BRM-LHG
                                        :
                Plaintiffs,             :
                                        :
        v.                              :
                                        :
                                        :
NOVO NORDISK INC., et al.,              :
                                        :
                Defendants.             :
_____ :
```

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are letter applications of (1) Steve W. Berman of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. Zelman, LLC ("Carella Byrne"; collectively with Hagens Berman, "HB/CB") (ECF No. 49-1)[1]; (2) Lynn Lincoln Sarko, Derek W. Loeser, and Gretchen S. Obrist of Keller Rohrback L.L.P. ("Rohrback") (ECF No. 50); and (3) Ellen Relkin of Weitz and Luxenberg and Todd A. Seaver of Berman DeValerio (collectively "WL/BD") ((ECF No. 51). The Court has reviewed the letter applications, as well as the submissions of (1) Linda P. Nussbaum of the Nussbaum Law Group, P.C. (ECF No. 52), (2) Natalie Finkelman Bennett of Shepherd, Finkelman, Miller & Shah, LLP (ECF No. 53), and (3) Roberta D. Liebenberg of Fine, Kaplan and Black, R.P.C. (ECF No. 54) in support of the HB/CB application.

---

[1] All Electronic Case File numbers refer to documents filed in Case No. 17-0699.

2

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides the "court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Further:

> Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.

*Yaeger v. Subaru of America, Inc.*, No 15–864, 2014 U.S. Dist. LEXIS 182090, at * 1, 2014 WL 7883689 (D.N.J. Oct. 8, 2014) (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006)); *Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175–76 (D.N.J. 2008) (finding that courts choosing interim class counsel can apply the same factors that apply in choosing class counsel at the time of certification of the class, i.e., the standards set forth in Rule 23(g)(1)).

The factors courts consider for the appointment of interim lead counsel are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *Yaeger*, 2014 U.S. Dist. LEXIS 182090, 2014 WL 7883689, at *2 (citing Fed. R. Civ. 23(g)(1)(A); *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013)). The Court must decide which candidate is best qualified, and no one factor is dispositive. Fed. R. Civ. P. 23(g)(2)(B). The Court also has the discretion to appoint more than one firm to act as co-lead counsel. *See, e.g., In re Air Cargo Shipping*, 240 F.R.D. at 58–59

(appointing four law firms as co-lead counsel); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D. Mich. 2006) (appointing two law firms as interim co-lead counsel).

The Manual for Complex Litigation provides additional guidance regarding the propriety of interim class counsel appointment prior to class certification:

> If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Manual for Complex Litigation (4th) § 21.11 at *1 (Federal Judicial Center 2004).

## II. DECISION

### A. The Conflict

The WL/BD applicants argue HB/CB have a conflict of interest that should preclude the firms from serving as interim class counsel. (ECF No. 63 at 1.) WL/BD applicants note Hagens Berman represents a drug wholesaler, FWK Holdings, Inc. ("FWK") in *FWK Holdings, LLC v. Sanofi-Aventis U.S. LLC*, Case No. 16-cv-12656 (D. Mass), in which a putative class of wholesale purchasers alleges Sanofi, the defendant manufacturer, overcharged them for the medication "Lantus." (*Id.* at 2.) In that action, Hagens Berman alleges Sanofi artificially inflated the price of insulin by filing a sham patent lawsuit against rival manufacturer Eli Lilly and Company, which delayed the release of a competing product. (*Id.*) In this action, Hagens Berman alleges on behalf of a distinct class of insulin consumers that the price of Lantus was inflated by a different scheme involving "rebate" payments to pharmacy benefit managers. (*Id.*)

The WL/BD applicants argue Hagens Berman's concurrent representation of FWK and the plaintiffs in this suit presents a conflict in violation of New Jersey Rule of Professional Conduct 1.7(a)(2). The rule provides:

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

N.J. Prof. Conduct R. 1.7(a)(2). WL/BD argue Hagens Berman has a conflict, because they must prove different sets of conduct caused the inflated insulin price in the respective actions. (ECF No. 63 at 3.) An award of damages to Hagens Berman's client in one action would necessarily reduce the damages awarded to the class in the other. (*Id.*)

HB/CB argues there is no conflict, because the *FWK Holdings* case is an antitrust case in which wholesalers seeks damages that stem from the defendant's unlawful efforts to prevent competition in the market for insulin. (ECF No. 65 at 2.) This litigation, in contrast, is a consumer fraud action. (*Id.*) HB/CB argues:

> [t]he type of illegal activity and theories of recovery in *FWK Holdings* and [this litigation] are completely distinct. . . . The facts, injuries, and, therefore, theories of recovery in these two cases are separate. There are no conceivable arguments Hagens Berman and Carella Byrne could make on behalf of the . . . plaintiffs [in this case] that would harm the *FWK Holdings* class, and vice versa.

(*Id.*)

The Court finds Hagens Berman's efforts to prove anticompetitive behavior in *FWK Holdings* are distinct from its efforts to prove fraud in this case. HB/CB further argues the distinct legal bases for the claims in each case preclude "any overlap in damages between the two cases." (*Id.* at 3.) The Court agrees. HB/CB cite figures demonstrating Sanofi's net sales and profits are

5

such that it "[has] the capacity to pay out multiple classes to the maximum extent." (*Id.*) The Court is satisfied there is no conflict.

### B. Appointment

The Court finds all counsel are highly regarded, well known throughout the legal community and have appeared before the Court.[2] The Court, in applying the factors above, further enhanced and magnified by the submissions of Linda P. Nussbaum of the Nussbaum Law Group, P.C., Natalie Finkelman Bennett of Shepherd, Finkelman, Miller & Shah, LLP, and Roberta D. Liebenberg of Fine, Kaplan and Black, R.P.C., in support of the HB/CB application, concludes that all parties will be well served by the appointment of Steve W. Berman of Hagens Berman and James E. Cecchi of Carella Byrne as interim lead counsel. The HB/CB team have invested over a year in developing the class's claim, and it filed the first complaint in this litigation. The team has successfully tried similar claims against comparable defendants. *See In re Pharma. Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.).

All other issues, including but not limited to the issue of joinder and/or severance of the three pharmacy benefit manages, will be addressed at a later date. In the meantime, counsel shall meet and confer as to those issues and the formation and organization of appropriate committees.

---

[2] Ellen Relkin of Weitz and Luxenberg has appeared before this Court and the undersigned, as well as other district courts, in several high profile and complex litigations, including *In Re: Invokana (Canagliflozin) Products Liability Litigation*, Case No. 16-md-2750, where she is part of the leadership committee, *In Re: DePuy Orthopeadics, Inc. ASR Hip Implant Products Liability Litigation*, Case No. 1:10-md-2197, where she is lead co-counsel, and *In Re: Stryker Rejuvenate & AGB II Modular Hip Implant Litigation*, Master Docket No. BER-L-936-36 MCL, where she was instrumental in the formation and implementation of a bellwether mediation program that led to a settlement that exceeded $1 billion.

### III. Conclusion

For the reasons set forth above, the Court appoints Steve W. Berman Hagens Berman and James E. Cecchi Carella Byrne as interim lead counsel. An appropriate Order will follow.


**Date: September 18, 2017**             */s/ Brian R. Martinotti*
                                         **HON. BRIAN R. MARTINOTTI**
                                         UNITED STATES DISTRICT JUDGE