UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INSULIN PRICING LITIGATION | Civil Action No. 17-699(BRM)(LHG) |

STIPULATION AND ORDER REGARDING THE
NON-DISCLOSURE OF CERTAIN INFORMATION
REGARDING EXPERT WITNESSES

The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of discovery and testimony relating to testifying expert witnesses ("experts"), including all class certification and merits experts, in this matter.

1. This Stipulation and Order ("Order") shall govern discovery related to testifying experts in this Action. The parties agree that there shall be no discovery or disclosures with respect to consulting experts. To the extent that this Order limits discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the parties agree to abide by the limits set forth in this Order. Nothing in this Order constitutes an admission that any of the information exempted from discovery by this Order would otherwise be discoverable or admissible. Further, nothing in this Order requires discovery of any information that would otherwise be protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privileges or protections.

2. No subpoenas (for depositions or documents) need be served on any testifying expert who is disclosed pursuant to Rule 26(a)(2)(A) and from whom a report

is provided in this case. Instead, the party or parties retaining such expert will make him or her available for deposition, at a time mutually agreed to by the parties.

3.   The party or parties retaining an expert from whom a report is provided will make all disclosures required by this Order within three (3) business days of service of the expert report at issue. If an expert is required to submit a report pursuant to Rule 26(a)(2)(B), the deposition of such expert will be conducted after the report is served.

4.   Within three (3) business days of service of a report, the party submitting such a report shall produce: (i) the documents, data, facts or other information relied upon by the expert in forming the expert witness's opinions; provided, however, that a party need not produce, but may simply identify in writing, (a) the Bates ranges of documents or other information produced in this Action, (b) the deponent names, dates, and relevant page and line numbers for transcripts of depositions taken in this Action, (c) the exhibit numbers for all exhibits from such depositions, and (d) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources; (ii) the expert's qualifications, including a list of all publications authored in the previous 10 years; (iii) a list of all other cases, during the previous four years, where the expert has testified at trial or by deposition; and (iv) a statement of the expert's compensation in this case. To the extent that the disclosures required by this Order describe or include charts, tables, exhibits, information or data processed or modeled by computer at the direction of a disclosed testifying expert in the course of forming the expert's opinions, machine-readable copies of the exhibits, information or data (including all linked data files, input and output files, formulas contained within spreadsheet cells and similar electronic information necessary to understand the charts, tables, exhibits, information or data) and

sufficient to allow the replication of all analysis contained in the report, where applicable, along with appropriate computer programs and instructions necessary to access and use the data (unless such computer programs are reasonably and readily commercially available), shall be produced. For avoidance of doubt, all input data, computer program code, and instructions used by an expert from whom a report is provided to generate such exhibits, information, or data results shall be produced to the opposing party. In addition, to the extent such disclosures include information gleaned from websites, subscription services, and/or from third-party sources, copies of the content of those websites, subscription services, or third-party sources shall also be provided. All electronic data, together with program(s) and instructions described in this Paragraph, shall be produced electronically (via physical media or FTP site), and (where feasible) in native format, within the three (3) day period to counsel for each party (one copy per party or group of parties represented by the same counsel).

5. For avoidance of doubt, the disclosure requirement in Paragraph 4 does not apply to any demonstratives that a party may create for future court hearings or trial. Notwithstanding the requirements of Rule 26(a)(2)(B)(iv), experts shall be permitted to present demonstrative materials at trial that fairly summarize or reflect facts or opinions that are disclosed in the expert's report or deposition, and that are properly disclosed prior to trial. The specific demonstratives do not have to be provided until the times provided by any applicable rules or court order regarding such demonstratives.

6. Except as noted in Paragraph 7 below, the following categories of documents, communications, data, and other recording media shall not be the subject of

discovery or testimony in this matter, if an expert reviewed or considered but did not rely on them in forming his or her opinion(s):

      a.     any notes or other writings taken or prepared by or for an expert in connection with this matter, including (i) written correspondence or memoranda to or from, and notes of conversations between and among, the expert witness and (a) the expert's assistants and/or clerical support staff, (b) other expert witnesses or non-testifying expert consultants, including their staffs or (c) attorneys for the party or parties, and/or (ii) copies of materials produced by any party in this litigation bearing the notes, markings, or comments of the expert, the expert's assistants and/or clerical support staff, other expert witnesses or non-testifying expert consultants (including their staffs), or attorneys for the party or parties;

      b.     any draft reports, draft studies, draft work papers, draft declarations, or other draft materials; preliminary calculations, computations, modeling or data runs prepared in connection with this matter; or preliminary work product prepared by, for, or at the direction of an expert witness or his or her staff, regardless of the form in which the draft is recorded; and

      c.     any oral or written communications between and among any of the following categories of individuals: experts, the expert's respective assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants (including their respective staffs), or attorneys for the party or parties, regardless of the form of the communications.

      7.     The foregoing exclusions from discovery set forth in Paragraph 6 do not apply to any information, communications, or documents upon which the expert relies as

a basis for his or her opinion, or to any notes taken by the expert in connection with any fact witness interviews or while testifying at deposition, hearing, or trial. In addition, the foregoing exclusions do not apply to or protect the disclosure of any expert's compensation.

8. Notwithstanding the exclusions from discovery set forth in Paragraph 6, an expert may be examined about alternative analyses, methodologies, or approaches to issues on which the expert is testifying, regardless of whether the expert relied on them in forming the expert's opinions, and on any matter not excluded from disclosure by the terms of this Order (including the notes referenced in Paragraph 7 above). Thus, an expert may be presented at deposition, hearing, or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the expert relied or did not rely on such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the expert to alter his or her opinion(s) in any respect.

9. Except as provided under Rule 26(b)(4)(D), no party may, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, without the express written consent and authorization of the party employing such expert.

10. Nothing herein shall limit or waive any party's right to object to the admission into evidence of any opposing party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

Nothing in this Stipulation shall be construed to preclude or limit the discoverability of any documents or other information relied upon by an expert in preparing his or her report(s) or that is otherwise discoverable under any order of the Court.

**IT SO ORDERED.**

Dated: Jan 2, 2019 2020

Hon. Judge Brian Martinotti
United States District Court Judge
Magistrate

**STIPULATED AND AGREED TO BY:**

Dated: December 20, 2019

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ Steve W. Berman
Steve W. Berman
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Thomas M. Sobol
Hannah W. Brennan
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
hannahb@hbsslaw.com

*Interim Co-Lead Counsel for the Plaintiffs*

/s/ Liza M. Walsh
Liza M. Walsh, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
1037 Raymond Blvd, Suite 600
Newark, NJ 07102
Tel.: (973) 757-1100

Michael R. Shumaker, Esq. (*pro hac vice*)
Julie E. McEvoy, Esq. (*pro hac vice*)
William D. Coglianese, Esq. (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939

*Counsel for Defendant Sanofi-Aventis U.S. LLC*


/s/ Melissa A. Geist
Melissa A. Geist, Esq.
REED SMITH LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540
Tel.: (609) 514-5978

Shankar Duraiswamy, Esq.
Henry B. Liu, Esq. (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001
Tel.: (202) 662-6000

*Counsel for Defendant Eli Lilly and Company*


/s/ Christopher Walsh
Michael R. Griffinger, Esq.
Michael R. McDonald
Christopher Walsh, Esq.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
Tel.: (973) 596-4500

James P. Rouhandeh, Esq. (*pro hac vice*)
David B. Toscano, Esq. (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000

Neal A. Potischman, Esq. (*pro hac vice*)
Andrew Yaphe, Esq. (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Tel.: (650) 752-2000

*Counsel for Defendant Novo Nordisk Inc.*