# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE INSULIN PRICING LITIGATION** | Civil Action No. 17-699(BRM)(LHG) |
| | **CONFIDENTIALITY ORDER** |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Confidentiality Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Confidentiality Order does not entitle them to file confidential information under seal; Local Civil Rule 5.3(c) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

**2.1** **Action**: The word "Action" is defined as: (a) the above entitled action; and (b) the action entitled *State of Minnesota v. Sanofi Aventis U.S. LLC et al.*, 18-cv-14999 (D.N.J.), but only in the event that the court's ruling on Defendants' currently pending motion to

dismiss in that action (see ECF No. 47) does not result in a final disposition (as defined in paragraph 4) of the matter.

2.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things: (a) that contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

2.4 **Counsel (without qualifier)**: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action, including any such person's support staff.

2.8     **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or**

**Items**: extremely sensitive "Confidential Information or Items," documents containing

information about (a) strategies for negotiating rebates and other price concessions; (b)

product pricing and marketing; (c) Protected Personal Data; and (d) such other categories

of documents that the parties shall agree in writing, disclosure of which to another Party

or Non-Party is highly likely to cause significant harm to an individual or to the business

or competitive position of the Designating Party.

2.9     **House Counsel**: attorneys or individuals responsible for management of the Action, who

are employees of a party to the Action. House Counsel does not include Outside Counsel

of Record or any other outside counsel.

2.10    **Non-Party**: any natural person, partnership, corporation, association, or other legal entity

not named as a Party to the Action.

2.11    **Outside Counsel of Record**: attorneys who are not employees of a party to the Action

but are retained to represent or advise a party to the Action and have appeared in the

Action on behalf of that party or are affiliated with a law firm, which has appeared on

behalf of that party.

2.12    **Party**: any party to the Action, including all of its officers, directors, employees,

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material

in the Action.

2.14    **Professional Vendors**: persons or entities that provide litigation support services (e.g.,

photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    **Protected Personal Data:** any Disclosure or Discovery Material that a party believes in good faith requires additional protections, beyond those provided to information designated as "CONFIDENTIAL" pursuant to this Order, under applicable federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to the Gramm-Leach-Bliley Act, 15 U.S.C. §6801; the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (HIPPA); the European Union's General Data Protection Regulation, Regulation (EU) 2016/679 (GDPR); and the Danish Act on Data Protection. Protected Personal Data includes Protected Health Information, as defined in 2.19. However, information designated as Protected Personal Data based on a foreign privacy requirement may be so designated only where the information in question is subject to that foreign privacy requirement.

2.17    **Protected Health Information:** "Protected Health Information" ("PHI") has the same scope and definition as set forth in 45 C.F.R. § 160.103 and § 164.501.

2.18    **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any other obligation of confidentiality, including becoming part of the public record through trial or otherwise and (b) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. The entry of this Order does not prevent any Party from seeking a further order pursuant to Federal Rule of Civil Procedure 26(c) or any applicable state procedural rule or provision governing the terms on which disclosure may be made. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    DURATION

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment in the Action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of the Action, including the time limits for filing any amended complaint after a dismissal without

prejudice, as well as any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

**5.1**   **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2**   **Manner and Timing of Designations**. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that, whenever

reasonably practicable, the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material, or, in the case of information produced in native format, insert "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to name of the native file. If affixing such a legend is not reasonably practicable (such as, for example, in connection with certain electronically stored information), a stamp bearing the applicable confidentiality designation shall be affixed on the medium by which the Disclosure or Discovery Material is produced.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings in the Action, that the Designating Party shall have up to 30 days from receipt of the final deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30-

day period shall be covered by the provisions of this Stipulated Protective Order. During

this 30-day period, no recording or transcript of the testimony shall be disclosed, and no

individual attending such deposition or pretrial or trial proceeding shall disclose the

contents of the testimony, to any individual other than those described in paragraph 7.3 or

7.4. Upon being informed that certain portions of testimony are to be designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY,"

all parties shall immediately cause each copy of the transcript or recording in its custody

or control to be appropriately marked and limit disclosure of that transcript or recording

in accordance with the terms of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition,

hearing or other proceeding in the Action to include Protected Material so that the other

parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

proceedings. The use of a document as an exhibit at a deposition shall not in any way

affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

(c)    for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information or item is stored or

designate in the cover letter referring to such information the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or

portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3     Designation of Information Produced by Other Parties.** A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document or information produced by testimony given by any other person or entity that the Party reasonably believes qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. If any third party produces information that it or any Party in good faith believes constitutes its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, the Party or third party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any Party receiving information from a third party shall treat such information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during this thirty (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential.

**5.4     Failures to Designate**. A failure to designate at the time of production qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and the Producing Party may rectify its failure to designate qualified information or items by notifying in writing counsel for all parties to whom the information or items were disclosed that the information or items should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1     Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer**. A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by meeting and conferring directly with Outside Attorneys for the Designating Party. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging by Bates number and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient unless specifically agreed upon by the parties) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if

it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3    Judicial Intervention**. If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, the either Party may present the dispute to the Court by letter in accordance with Local Civil Rule 37.1(a)(1) and this Court's preferences, before filing a formal motion. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1    Basic Principles**. All Disclosure or Discovery Material, including any non-public information contained therein, shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no other purpose whatsoever. For the avoidance of doubt, the use of Disclosure or Discovery Material and the non-public information therein is restricted to the Action and may not be used in any other proceeding even if such proceeding involves the same parties or counsel, or similar subject matter.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

**7.2**     **Security of Protected Material.** Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss or misuse, including but not limited to:

(a)     Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b)     An audit trail of use and access to litigation support site(s) shall be maintained while the Action, including any appeals, is pending;

(c)     Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(d)     Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order, but nothing within this provision requires such persons to maintain such Protected Material in an individually locked office;

(e)     Summaries of Protected Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Protected Material, that quote

from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(f)    If the recipient of Protected Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

(g)    If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 24 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

Any Protected Health Information shall be deemed "CONFIDENTIAL" and, as such, subject to the terms of this Protective Order. Any person who receives and stores PHI in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and

13

confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Proceeding. PHI will be securely returned or destroyed pursuant to the provisions of Paragraph 12, below.

**7.3     Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Action or other legitimate business needs of the Receiving Party;

(c) outside experts and consultants and their staff retained to assist the parties in the conduct of the Action, so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(d) the court and its personnel;

(e) persons or entities that provide litigation support services retained by a Party or a Party's outside counsel including but not limited to court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for the Action, so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(f) during their depositions or trial testimony, witnesses in the Action to whom disclosure is reasonably necessary, provided that the deponent or witness signs the "Acknowledgment of and Agreement to be Bound by the Confidentiality Order" (attached hereto Exhibit A), or agrees on the record at a deposition to be bound by the provisions of this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Confidentiality Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediators or other mutually -agreed upon or court-appointed person responsible for resolving the Action in a non-judicial forum and so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(i) any current employee of a Designating Party may be examined at trial or upon deposition concerning any information designated "CONFIDENTIAL" by such Party; and

(j) any other person to whom the Designating Party agrees in writing disclosure may be made.

The Parties shall meet and confer regarding the disclosure of Protected Material to any deponent or witness who does not fall within sections (a) through (j) above.

**7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b) outside experts and consultants and their staff retained to assist the parties in the conduct of the Action, so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(c) the court and its personnel;

(d) persons or entities that provide litigation support services retained by a Party or a Party's outside counsel including but not limited to court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for the Action, so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(e) any mediators or other mutually agreed upon or court-appointed person responsible for resolving the Action in a non-judicial forum and so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(f) the author or recipient of a document containing the information; and

(g) any other person to whom the Designating Party agrees in writing disclosure may be made.

The parties agree to meet and confer regarding any other circumstances under which a deposition or trial witness may be shown documents marked HIGHLY CONFIDENTIAL, including the circumstances (if any) under which a witness may be shown a document marked HIGHLY CONFIDENTIAL that the witness did not author or receive. If the parties cannot reach agreement on a protocol for any such disclosures before the substantial completion of document productions, any party may bring the issue to the Court's attention for resolution.

**7.5     Treatment of Protected Personal Data.** A Producing Party may redact Personal Protected Data in accordance with Paragraph V.H of the Parties' Joint Stipulated Protocol for the Discovery of Electronically Stored Information and Hard Copy Documents. Protected Data of an individual named as a party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in litigation besides the Action or any other process by any administrative agency, legislative body or any person or entity that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     notify the Designating Party in writing of the subpoena, order, or process; the notification shall be made as promptly as the particular circumstances require to permit the Designating Party to take actions required to prevent disclosure;

(b)     promptly notify in writing the party who caused the subpoena, order, or process to issue in the other litigation that some or all of the material covered by the subpoena, order, or process is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or process shall not produce any information designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by a court with jurisdiction to issue a protective order, unless the Party has obtained the Designating Party's permission to produce such information. The Designating Party shall bear the burden and its own expense of seeking protection in that court or other forum of its Protected Materials, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a) The terms of this Order are applicable to information produced by a Non-Party in the Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with the Action is protected by the remedies and relief provided by this Order, and Non-Parties may designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Producing Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party must notify the Non-Party of the Requesting Party's request and send a copy of this notice to the Requesting Party within 21 days from the time the Producing Party discovers that Non-Party confidential information is responsive. The Producing

18

Party will then give notice to the Non-Party and ask the Non-Party whether it will permit production of the requested materials. If such permission is not given within 14 days, then the Requesting Party can seek an order, on notice to the Party and Non Party, compelling production of the material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

Without limiting a Receiving Party's obligations in the event of a security breach under paragraph 7.2(g), if a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Confidentiality Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, (d) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order, and (e) obtain such person(s)' execution of the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     MISCELLANEOUS**

**11.1     Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**11.2     Right to Assert Other Objections**. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Order.

**11.3    Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5.3.

**11.4    Protected Health Information**

(a)        The Parties agree that any Protected Health Information will not be used or disclosed for any purposes other than the Action for which such information was requested. All Protected Health Information shall either:

(1)        be returned to the Producing Party, or

(2)        at the option of the Producing Party, be destroyed.

All Parties shall make certification of compliance with this paragraph and shall deliver the same to the Producing Party not more than 45 days after the final conclusion of the Action. This provision is, and shall be construed as, satisfying the requirements for a Qualified Protective Order under 45 CFR § 164.512(e)(1)(v).

**12.    FINAL DISPOSITION**

Within 60 days after the final disposition of the Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, on request of the Producing Party, must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated: _1/23/20_

_____
LOIS H. GOODMAN, U.S.M.J.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 17, 2020

| CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C. | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| _/s/ James E. Cecchi_ | _/s/ Steve W. Berman_ |
| James E. Cecchi | Steve W. Berman |
| Lindsey H. Taylor | 1301 2nd Avenue, Suite 2000 |
| Donald A. Ecklund | Seattle, WA 98101 |
| 5 Becker Farm Road | Telephone: (206) 623-7292 |
| Roseland, NJ 07068 | Facsimile: (206) 623-0594 |
| Telephone: (973) 994-1700 | steve@hbsslaw.com |
| Facsimile: (973) 994-1744 | |
| jcecchi@carellabyrne.com | |
| ltaylor@carellabyrne.com | Thomas M. Sobol |
| | Hannah W. Brennan |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 55 Cambridge Parkway, Suite 301 |
| | Cambridge, MA 02142 |
| | Telephone: (617) 482-3700 |
| | Facsimile: (617) 482-3003 |
| | tom@hbsslaw.com |

hannahb@hbsslaw.com

*Interim Co-Lead Counsel for the Plaintiffs*

*/s/ Liza M. Walsh*
Liza M. Walsh, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
1037 Raymond Blvd, Suite 600
Newark, NJ 07102
Tel.:  (973) 757-1100

Michael R. Shumaker, Esq. (*pro hac vice*)
Julie E. McEvoy, Esq. (*pro hac vice*)
William D. Coglianese, Esq. (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939

*Counsel for Defendant Sanofi-Aventis U.S. LLC*

*/s/ Melissa A. Geist*
Melissa A. Geist, Esq.
REED SMITH LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540
Tel.:  (609) 514-5978

Shankar Duraiswamy, Esq.
Henry B. Liu, Esq. (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001
Tel.: (202) 662-6000

*Counsel for Defendant Eli Lilly and Company*

*/s/ Christopher Walsh*
Michael R. Griffinger, Esq.
Michael R. McDonald
Christopher Walsh, Esq.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
Tel.:  (973) 596-4500

James P. Rouhandeh, Esq. (*pro hac vice*)
David B. Toscano, Esq. (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000

Neal A. Potischman, Esq. (*pro hac vice*)
Andrew Yaphe, Esq. (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Tel.:  (650) 752-2000

*Counsel for Defendant Novo Nordisk Inc.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**IN RE INSULIN PRICING LITIGATION**          Civil Action No. 17-699(BRM)(LHG)

### <u>ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY THE</u>
### <u>CONFIDENTIALITY ORDER</u>

I, _____ state that:

My business address is _____

_____

My present employer and job description are _____

_____

_____

My relationship to the parties to the Action is as follows: _____

_____

_____

I have read and reviewed in its entirety the Confidentiality Order that has been signed and

entered in the Action . I understand that my execution of this Acknowledgement Of Agreement

To Be Bound By the Confidentiality Order, indicating my agreement to be bound by the Order,

is made under penalty of perjury and is a prerequisite to my review of any information

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" pursuant to this order.

I hereby agree to be bound by and comply with the terms of the Confidentiality Order, and not to disseminate or disclose any information subject to the Confidentiality Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Confidentiality Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after the Action concludes.

I understand that contempt sanctions may be entered for violation of this Confidentiality Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Confidentiality Order.

At the final termination of the Action, I will return to counsel all documents or things consisting of or containing Confidential Information.

DATED this _____ day of _____, _____

_____
(Signature)
(Typed or Printed Name)