UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INSULIN PRICING LITIGATION | Case No. 17-cv-699 (BRM)(LHG) |

## STIPULATED [PROPOSED] REMOTE DEPOSITION PROTOCOL

### I. Scope

1. The procedures and protocols outlined below govern any deposition conducted via video or internet video conference technology, and where the witness and one or more questioning attorneys are in different physical locations at the time of the deposition ("Remote Deposition") conducted under Paragraph 29 of the Deposition Protocol (ECF No. 366).

2. Unless otherwise agreed, all depositions will be conducted as Remote Depositions.

3. Unless otherwise agreed by all parties, all depositions conducted remotely will use Veritext court-reporting services, remote-deposition platform, and videoconference technology to host and record the Remote Depositions ("Remote Deposition Vendor").

4. The Deposition Protocol (ECF No. 366) shall apply to Remote Depositions unless inconsistent with a procedure or protocol in this stipulation.

### II. Attendance and Location

5. Only individuals authorized to attend depositions under Paragraph 9 of the Deposition Protocol (ECF No. 366) may attend a Remote Deposition. As used here, the term "Deposition Participants" means all persons attending a Remote Deposition.

6. At least five days before a Remote Deposition, the parties shall provide to the Remote Deposition Vendor the names and email addresses of the individuals that they reasonably expect to attend the Remote Deposition.

7. The witness, counsel for the witness and the parties, and the court reporter and videographer may be in separate locations during the Remote Deposition. This arrangement will not justify an objection to the taking of the deposition or subsequent use by any party of the deposition testimony. For purposes of Federal Rule of Civil Procedure 30(c)(1), the videographer shall be considered to be acting in the presence of and under the direction of the court reporter even though the videographer may be in a different physical location from the court reporter.

8. Counsel for the witness will provide the noticing party and court reporter with the city and state where the witness will sit for their deposition at least five days before the deposition.

9. If a witness wishes to have their counsel or anyone else present in person during the deposition, the witness or their counsel shall provide all counsel with notice of this fact and the identity of the individual(s) who will be present during the deposition at least five days before the deposition date. In that event, any other counsel of record is also entitled, but not required, (i) to attend the deposition in person, subject to the witness's consent, or (ii) to request that an additional camera record the entire room where the deposition takes place while the deposition is on the record. The party requesting the second camera and second recording will bear the costs in obtaining the same. The video recording that shows the entire room where the deposition takes place is not admissible at trial.

10. If any individual(s) will be present in person with the witness during the deposition, the parties agree that the court reporter and one or more employees of the Remote Deposition Vendor may attend the deposition in person to stenographically record the Remote

Deposition testimony, video record the deposition, troubleshoot any technological issues that may arise, and administer virtual breakout rooms.

### III. Recording of Remote Depositions

11. The court reporter will stenographically record Remote Deposition testimony, and the court reporter's transcript will constitute the official record. The court reporter may be given a copy of the video recording(s) of any Remote Deposition and may review the video recording(s) to improve the accuracy of any written transcript.

12. The parties agree that each witness in a remote deposition will be video recorded. The witness's counsel and the examining counsel must be visible to all other participants, and their statements must be audible to all participants. The Remote Deposition Vendor shall capture an audio record of on-the-record statements made by all individuals who attend the deposition.

13. The parties agree that Remote Depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing. The parties will not assert that any testimony or video recording of such testimony during a Remote Deposition is inadmissible in any court or in connection with this action because the testimony was obtained through a Remote Deposition and will not object to the other party's use or the introduction of any such content on that basis. Nothing in this paragraph is intended to limit or waive any Party's right to object to such testimony or any video recording of such testimony on any other basis. The parties reserve all other objections to the use at trial of any testimony or video recording of a Remote Deposition undertaken under this stipulation.

## IV. Remote Deposition Platform

14. The Remote Deposition Vendor will use security measures to ensure the confidentiality of the Remote Deposition, including the video and audio feeds and exhibits. These security measures include using tools, such as a "virtual waiting room," that allow the court reporter to admit only individuals authorized to attend the deposition and disabling the "record feature" for the witness and all Deposition Participants other than the Remote Deposition Vendor's personnel.

15. Any Deposition Participant may request that the Remote Deposition Vendor arrange for virtual breakout rooms. Only those individuals registered for a particular virtual breakout room (and the Remote Deposition Vendor's technical personnel, as necessary) will be permitted into that virtual breakout room. During breaks in the deposition, the parties may use the breakout room feature provided by the Remote Deposition Vendor. Conversations in the breakout rooms will not be recorded.

16. Before any Remote Deposition, the witness shall participate in training with the Remote Deposition Vendor to familiarize themselves with the Remote Deposition Vendor's remote-deposition platform.

17. Every witness must make reasonable efforts to ensure that they: (a) have sufficient internet bandwidth to participate in the Remote Deposition; (b) have a computer or tablet with a webcam; and (c) have a microphone or telephone audio directly into the remote deposition platform sufficient to appear for the Remote Deposition. Counsel for each witness must consult with the witness before the deposition to ensure that the deponent has the computer, tablet, and webcam sufficient to participate in and view exhibits during the Remote Deposition and the microphone or telephone audio required for the Remote Deposition.

18. The parties agree to work collaboratively and in good faith with the Remote Deposition Vendor to assess each witness's technological abilities and to troubleshoot any issues at least two days before the deposition so any adjustments can be made or so that the parties may meet and confer if adjustments cannot be made.

19. At least one day before a Remote Deposition, the Remote Deposition Vendor shall send the link to join the deposition and dial-in information for the audio feed to the Deposition Participants. The Remote Deposition vendor shall send the password(s) to access the deposition separately from the link. The Deposition Participants may not post the link, password(s), or dial-in information online or otherwise make the link, password(s), or dial-in information publicly available. Only Deposition Participants registered by the Remote Deposition Vendor will be permitted to enter the Remote Deposition.

20. To ensure the confidentiality of the Remote Deposition, all Deposition Participants must connect to the remote-deposition platform through a private, password-protected network.

## V. Deposition Conduct

21. Unless otherwise agreed to by the parties or ordered by the Court, Remote Depositions will be conducted during regular business hours within the witness's local time zone.

22. Any Deposition Participant may make reasonable requests for recesses as is customary in non-remote depositions, which will generally be granted as is customary in non-remote depositions.

23. For Remote Depositions, oaths may be administered to the witness on the record at the start of the deposition or via an affidavit signed by the witness. Such an affidavit or remote swearing-in will satisfy Federal Rules of Civil Procedure 28 and 30(b)(5) and have the same force and effect as if the oath had been administered in person and is deemed to be

an ongoing and continuing obligation to provide testimony in a truthful, complete, and honest manner under the penalty of perjury.

24. Each party's counsel (and counsel for the witness, if applicable) must designate one attorney to be the primary speaker during the Remote Deposition (each a "Lead Counsel").

25. The witness, Lead Counsel, and any individual present in the same physical location as the witness (other than the Remote Deposition Vendor's personnel) must keep their cameras on and remain visible when the Remote Deposition is on the record.

26. Unless and only if instructed to do so by the Remote Deposition Vendor's personnel or agreed to by all participants in the Remote Deposition, the witness will not put their videoconferencing window on mute or turn off their video camera when the Remote Deposition is on the record.

27. Any individual present in the same physical location as the witness during a Remote Deposition must separately log into the remote deposition platform so that all Deposition Participants can both see and hear them.

28. All Deposition Participants other than the witness, Lead Counsel, and Remote Deposition Vendor's personnel (as necessary) must set their audio on "mute" when the Remote Deposition is on the record and should unmute only as necessary.

29. Any Deposition Participant whose audio is not set to "mute" when the Remote Deposition is on the record must enable "do not disturb" settings for all applications not in use on their electronic devices, including, but not limited to, text message and email notifications.

30. During the deposition examination, the witness must not engage in private communications with any person, including any Deposition Participant, in any way that is not recorded in the same manner as the deposition itself (*i.e.*, no emails, text messages, or any other type of electronic or in-person communication). During the deposition examination, no counsel

shall initiate a private conference, including through text message, email, chat feature within the videoconferencing system, or any other type of electronic or in-person communication with any witness while a question is pending. During any break in the deposition examination, the witness's counsel may communicate with the witness by telephone, email, or any other means of communication allowable under the Federal Rules of Civil Procedure and local rules. Nothing in this paragraph prohibits or prevents counsel for the witness from conferring with the witness during a break in the deposition consistent with the Federal Rules of Civil Procedure and local rules.

31. The parties agree to use reasonable efforts to minimize technical disruptions during a Remote Deposition. If the witness, court reporter, videographer, or counsel for either party experiences any technical difficulties (*e.g.*, connection issues, audio issues, or inability to view exhibits), the parties agree to suspend the deposition until those difficulties are resolved. The fact of such technical difficulties will be noted on the record as soon as the parties learn of their existence. The time during which the deposition is suspended will not count against the 7-hour time limitation or any other time limitation agreed to by the parties. If more time is needed to complete the deposition due to technical difficulties, the parties agree to make the witness whose deposition was interrupted available on another day to provide additional testimony not to exceed, when combined with the portion of the deposition previously completed, the agreed-upon hour limitation. The parties do not waive their right to request more testimony for any other reason, nor do the parties waive any objections to any such request. Any portion of the deposition that has been transcribed while the questioning or defending attorneys is absent or experiencing technical difficulties will be re-read upon resolving the technical difficulty on request of the affected party, and the affected party must be given an opportunity to object to any questions asked or answers

given in their absence or while they were experiencing technical difficulties. The court reporter or videographer will provide a telephone number for the attendees to inform the court reporter or videographer if the questioning or defending attorney becomes disconnected or is otherwise experiencing technical difficulties.

32. If a witness's camera stops working (or there are similar technical issues), deposing counsel has the right to decide whether to continue to conduct the Remote Deposition solely via telephone or to resume the deposition, either in person or remotely, at a later date or time, subject to the requirements of the Federal Rules of Civil Procedure. Any decision by deposing counsel to continue with an examination by telephone only will not be cause for taking a second examination of the witness. If deposing counsel decides to suspend the deposition, the time on the record will be counted against the 7-hour time limitation or any other time limitation agreed to by the parties. If more time is needed to complete the deposition due to technical issues, the parties agree to make the witness available on another day to provide additional testimony not to exceed, when combined with the portion of the deposition previously completed, the agreed-upon hour limitation.

33. If at any time the court reporter or videographer conveys that they are unable to effectively transcribe or record the deposition because of technical difficulties, the deposition will be paused, and the parties will seek to resolve those issues. The suspended time will not count against the applicable time limitations for depositions. If the issues cannot be resolved to the satisfaction of the court reporter or videographer, the deposition must be suspended.

34. If persistent technical issues prevent a Remote Deposition from proceeding, the parties agree to cooperate in good faith to reschedule the deposition as soon as is practically feasible.

35. Each Deposition Participant will make best efforts to conduct the Remote Deposition in a manner that allows the questioning attorney to fully ask questions, the defending attorney to fully make any objections and fully ask any redirect questions, witnesses to complete their answers, and the court reporter to accurately transcribe the deposition, being mindful of audio delays and related challenges inherent in any remote platform.

36. Counsel may introduce exhibits electronically during the deposition by using the Remote Deposition Vendor's document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, by sending the exhibit to the deponent and all Deposition Participants via the Remote Deposition Vendor's chat or email feature, or by other means agreed to by the parties.

37. Before proceeding with any questions about an exhibit, the attorney using the exhibit must give the witness and their counsel sufficient time to independently and fully navigate the exhibit while the deposition is on the record.

38. All parties will act in good faith to fulfill the letter and spirit of this Remote Deposition protocol. If any issues in connection with a Deposition Participant or these Remote Deposition Protocols cannot be resolved consensually, subject to the Special Master's availability, the parties will have the right to seek a telephonic hearing with the Court on an expedited basis.

## VI.    Errata Sheets

39. Errata sheets from any Remote Deposition may be served electronically and, though they must bear the signature of the witness, need not be notarized.

## VII. Modifications or Disputes

40. The parties may modify these procedures or protocols by agreement. If a party determines that the provisions of this Protocol should be modified or vacated, the parties shall meet and confer. If the parties cannot reach an agreement, either party may seek appropriate relief from the Court.

41. The parties agree that any dispute over whether a deposition will proceed as a Remote Deposition must be raised with the Court as early as practicable and at least three days before the noticed deposition date.

Dated: 5/26/21

Hon. Dennis M. Cavanaugh (Ret.)
Special Master