# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE INSULIN PRICING LITIGATION** | Civil Action No. 17-699(BRM)(LHG)<br><br>Amended Deposition Protocol |

### I. Scope and Applicability

1. This amended deposition protocol is intended to conserve judicial and party resources, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. The protocol and its limitations applies to all depositions in this litigation, including non-parties.

2. Unless specifically modified, nothing in this protocol abrogates, modifies, or adjusts the Federal Rules of Civil Procedure and Local Rules governing depositions.

### II. Definitions

3. "Parties" shall include the Class Action Plaintiffs, the Minnesota Attorney General, and the manufacturer defendants: Sanofi-Aventis U.S. LLC, Eli Lilly and Company, and Novo Nordisk Inc.; and any other party that has brought a similar or related case in D.N.J. that seeks to participate in depositions in this action. Under this protocol, all Defendants are considered to be on the same "side" and all Plaintiffs are considered to be on the same "side."

### III. General Provisions Concerning Notice and Taking of Depositions

4. *Cooperation regarding scheduling.* The parties will cooperate and coordinate the scheduling of depositions, and will consider the scheduling needs and safety of all

witnesses.

5. *Deponents List.* To facilitate the timely scheduling of depositions, the parties shall identify an initial list of witnesses whom they intend to depose ("deponent list"). The parties shall exchange the deponent list 45 days prior to the deadline to amend pleadings or add parties. Following the exchange, the parties will—within 45 days, or as soon as practicable to accommodate scheduling—make reasonable efforts to provide available dates for the witnesses within their control. The parties shall then work cooperatively to schedule the depositions. The omission of a witness from the deponent list shall not prejudice the ability of a party to notice the deposition of that witness later.

6. *Deposition Notices.* Notices of deposition will be served on the witness's counsel by email, if counsel is known, and all parties. If the witness's counsel is unknown, the notice will be served under the Federal Rules of Civil Procedure and by email to all parties. Notices of deposition served under Rules 30 and 45 must state the name of the deponent, contact information for the noticing party, and designate the proposed date and location for the deposition.

7. *Third-Party Depositions.* A copy of this Protocol shall be attached to each third-party subpoena requesting deposition testimony.

8. *Deposition Location.* Given the COVID-19 health crisis and related travel restrictions, any witness may elect to proceed with their deposition remotely, subject to the guidelines in the remote deposition protocol referred to in ¶ 29. If the witness and parties elect to proceed in-person rather than remotely, depositions will take place within 50 miles of where the deponent resides, and in the state where the

deponent lives, unless otherwise agreed to by the parties. In such instances, the parties shall work cooperatively to ensure that there is adequate deposition space for all individuals attending the deposition.

9. *Attendance.* Unless otherwise ordered, pursuant to Federal Rule of Civil Procedure 26(c) and subject to the terms of the Confidentiality Order, ECF No. 298-1, only the following individuals may attend depositions: counsel of record, including attorneys and employees of their firms; parties or in-house legal staff, including attorneys and paralegals, of a party; court reporters; videographers; the deponent; and counsel for the deponent. An expert or non-testifying consultant for a party may attend if the party employing that expert or non-testifying consultant provides: (a) advance notice of their attendance; and (b) confirmation that the expert or consultant has signed attestations confirming adherence to all applicable Confidentiality Orders. Any party that objects to the attendance of such expert or consultant may seek relief from the Court in advance of the deposition. Under no circumstances shall a person attend any part of a deposition in person, or by any remote means such as telephone, internet link-up, videoconference, or any other kind of remote-access communication, without being identified on the record.

10. *Cost of deposition.* The party who notices the deposition shall pay for the costs associated with that deposition. In the event multiple parties notice the same deponent, they shall split the costs evenly. The parties shall pay for their own copies of transcripts and videotapes of depositions.

**IV. Conduct of Depositions**

11. *Duration and Sequence of Questioning.* The questioning of witnesses within the control of a party shall proceed in the following sequence: (l) examination by the side that noticed the deposition, including by any parties that cross-noticed the deposition; (2) examination by the party presenting the witness and any other party on their side; (3) any re-examination by the noticing and cross-noticing parties; and (4) any reexamination by the party presenting the witness and any other party on their side. The noticing and cross-noticing parties shall be limited to seven (7) hours of total examination time. Counsel for the side that has noticed and cross-noticed the deposition shall make all reasonable efforts to avoid duplicative questioning, including coordinating and conferring in advance of the deposition.

12. *Third-Party Deposition Duration and Allocation of Time for Third-Party Depositions.* Unless otherwise agreed or ordered by the Court, third party depositions shall be limited to seven (7) hours. The seven hours for the examination time shall be allocated as follows:

   a. The noticing side may depose a non-party for up to six hours.

   b. The non-noticing side will have up to one hour of examination.

   c. If any plaintiff(s) and any defendant(s) subpoena the same non-party deponent, plaintiffs as a group and defendants as a group will each have three and a half hours of examination time. The side that issued the subpoena first will begin the examination. If one side does not use its full allotted time, the opposing side may use the remaining time for its examination, except for 30 minutes to allow for any additional re-direct or re-cross examination.

   d. If any plaintiff(s) and any defendant(s) subpoena the same non-party

4

        deponent, the examination will proceed in the following sequence: (1) examination by the side that issued the first deposition notice; (2) examination by the side that issued the second deposition notice; (3) any re-examination by the first noticing side; and (4) any reexamination by the second noticing side.

    e.    Notwithstanding the foregoing, the parties reserve their right to seek additional time to depose any non-party witness.

13. *Objections.* The witness's counsel must comply with Rule 30(c)(2) and the Local Rules concerning objections at depositions, whether the deposition is remote or conducted in-person. Counsel will refrain from engaging in colloquy during deposition to the extent possible. Any objection by a Defendant at a deposition shall be deemed to have been made on behalf of all other Defendants. Any objection by a Plaintiff shall be deemed to have been made on behalf of all other Plaintiffs.

14. *Interruptions.* The parties will use best efforts to avoid deposition disruptions or adjournments due to discovery disputes. If a dispute arises that cannot be resolved by agreement, and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, it shall be presented to the Special Master. If the Special Master is unavailable, the deposition will continue on matters not in dispute and the party seeking relief may present the issue to the Special Master for expedited consideration. Nothing in this Order shall deny counsel the right to suspend a deposition and seek relief pursuant to Fed. R Civ. P. 30(d)(3).

15. *Adherence to the Confidentiality Order.* All parties shall adhere to all Confidentiality Orders entered in this matter and shall take steps to ensure deponents adhere to Confidentiality Orders as applicable. Nothing in this Protocol modifies the terms of any Confidentiality Order entered by the Court.

16. *Foreign Language Interpretation.* Counsel for a witness shall give notice if an interpreter will be required for the witness within fourteen (14) days of receipt of the deposition notice. The parties will meet and confer regarding a protocol for interpretation.

    a. **Rule 30(b)(6) Depositions**

17. *30(b)(6) Notices.* Each side (plaintiff and defense) may serve 30(b)(6) deposition notices on any party at least 30 days prior to the deadline to amend pleadings or add parties. The parties are encouraged to state each subject matter with particularity to ensure fair notice and ensure responsive answers.

18. *Objections to 30(b)(6) Notice.* A recipient of a Rule 30(b)(6) notice may assert any objections to the topics identified in the notice. If a recipient of a Rule 30(b)(6) notice objects to a notice, or any portion of a notice, the parties will meet and confer and attempt in good faith to resolve the dispute.

19. *Duration.* If a party designates one individual for all topics, the deposition shall be limited to seven (7) hours. If a party designates two or more individuals, the collective deposition time shall be limited to fourteen (14) hours. A party may seek leave for additional examination time for good cause shown.

20. *Combination Fact and Rule 30(b)(6) Depositions.* If a party designates as a 30(b)(6) witness a fact witness whose deposition has been separately requested, the parties

shall make reasonable efforts to coordinate the scheduling of the deposition to limit the burden on the witness. However, neither this paragraph nor ¶ 22 shall limit or expand the parties' rights to notice—or object to—a 30(b)(6) designee's fact deposition under the federal rules.

### b. Coordination of Depositions

21. *Deposition Coordination.* The parties shall use their best efforts to communicate, cooperate, and coordinate with other litigants to schedule and take depositions, including working on agreements for the cross-noticing of depositions.

22. *Duplicative Depositions.* Depositions taken pursuant to this Order shall not be retaken without further order of the Court upon good cause shown or an agreement of the parties.

## V. Exhibits

23. *Notice to counsel attending remotely.* Where parties are participating in a deposition telephonically, examining Counsel shall read the Bates numbers of Bates-stamped exhibits used at the deposition so that parties that participate in depositions by telephone can access those documents.

24. *Sequential Marking:* The parties shall use their best efforts to mark deposition exhibits sequentially, not to re-mark documents that have been previously marked as exhibits, and to use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the Bates number (if any), the exhibit number, and a brief description of the exhibit.

25. *Disclosure of Confidential or Highly Confidential Documents:* While the deponent

7

is being examined about any material designated Confidential or Highly Confidential pursuant to the Confidentiality Order, persons to whom disclosure of such material is not authorized under the Confidentiality Order shall be excluded from the deposition. Immediately prior to using a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" document, the examining counsel shall notify the deposition attendees of counsel's intent to use a protected document.

**VI. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items during depositions**

26. *Notification.* Pursuant to the Confidentiality Order § 5.2(b), "Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding in the Action to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A) are present at those proceedings."

27. *Showing Highly Confidential Documents.* The parties may show a document labeled "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" to witnesses in the Action reasonably believed to have:

    a. authored a copy of the document;

    b. received a copy of the document; or

    c. been otherwise aware of, had responsibilities regarding, or involved in the content discussed in the document, and employed by the party who produced the document at the time of its creation, unless the witness is now, or has in the last 24 months been, employed by another pharmaceutical manufacturer, a PBM, or other client or competitor of the Designating Party.

8

> A party may otherwise show such a document to a witness if it secures written agreement from the Designating Party prior to the deposition.

28. *Designation of Transcript Portions as Confidential or Highly Confidential.* Pursuant to the Confidentiality Order § 5.2(b), the parties have up to 30 days from receipt of final deposition transcript to identify specific portions of the testimony as to which protection is sought.

### VII. Remote Deposition Protocol

29. The parties shall meet and confer to establish a remote deposition protocol reflecting best practices by February 1, 2021.

### VIII. Amendments to the Protocol

30. If a party believes changed circumstances warrant amendment of this protocol, the parties shall meet and confer in good faith to discuss proposed amendments. In the event that the parties cannot reach agreement, a party may, by letter motion, propose an amendment to the Special Master. Amendments to the deposition protocol shall only be granted upon a showing of "good cause" by the movant.

### IX. Read and Sign

31. Witnesses will have the right to read and sign their deposition transcripts. The Federal Rules of Civil Procedure and Local Rules govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of the Special Master.

32. The Court Reporter must track and maintain a record on the status and signature by witnesses of deposition transcripts. The deponent's counsel will be provided with an e-transcript, an errata page, and a witness signature page for review, signature, and

return to the Court Reporter.

33. Counsel for the witness will email the witness signature page and any errata pages to the Court Reporter.

Dated: __June 16, 2021_____

                         s/Dennis M. Cavanaugh
                         _____
                         Hon. Dennis M. Cavanaugh (Ret.)
                         Special Master