

401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**David I. Ackerman**
*Licensed in DC, NJ, NY*
direct: 202.849.4962
dackerman@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

September 29, 2023

**VIA ECF**

Honorable Brian R. Martinotti
United States District Judge, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re:   *In Re Insulin Pricing Litigation*, Civil Action No. 2:17-cv-00699
         Letter Motion to Intervene and to Join Objections to Settlement

Dear Judge Martinotti:

   I write on behalf of the Governments of the Commonwealth of Puerto Rico and the State
of Hawaiʻi to request leave to permit those jurisdictions to join two Motions to Intervene and
Objections to Preliminary Approval of Class Action Settlement filed in this matter.  The first
Motion to Intervene and Objection to Preliminary Approval of Class Action Settlement and
accompanying Memorandum (Dkt. Nos. 651, 651-1), filed by the States of Illinois, Nebraska, and
Utah on July 13, 2023, challenges the sufficiency of the proposed consumer relief.  The second
Motion to Intervene and Objection to Preliminary Approval of Class Action Settlement and
accompanying Memorandum (Dkt. Nos. 672, 672-1), filed by the States of Mississippi, Minnesota,
and Arizona on August 15, 2023, addresses the scope of the proposed release.  As explained below,
the arguments set forth in those motions apply equally to Puerto Rico and Hawaiʻi.  Rather than
burden the Court with additional repetitive briefing, Puerto Rico and Hawaiʻi respectfully request
that the Court grant them leave to join in the existing Motions to Intervene and Objection to
Preliminary Approval of Class Action Settlement ("Motions") and adopt by reference all
arguments raised in the supporting briefs.

   The arguments for intervention of right and permissive intervention set forth in both
Motions to Intervene[1] support the applications set forth herein because both Puerto Rico and
Hawaiʻi law authorize their respective Governments to investigate and, where appropriate, institute
actions to enforce their respective unfair competition statutes. As explained below (and in the

---

[1] Dkt. No. 651-1 at 14-28; Dkt. No. 672-1 at 6-16.



September 29, 2023
Page 2

previously-filed motions), the settlement impermissibly interferes with statutorily-authorized enforcement actions.

With respect to Puerto Rico, 10 L.P.R.A. § 269 vests the Secretary of Justice of Puerto Rico with the duty to institute proceedings to "prevent, prohibit, enjoin, and punish" violations of Puerto Rico's Fair Competition Act. On January 17, 2023, Puerto Rico filed an action against insulin manufacturers, including Eli Lilly, and pharmacy benefit managers to redress their misleading, deceptive, and unlawful activity concerning their marketing and sale of insulin products to the residents of Puerto Rico, including, but not limited to artificially inflating the cost of insulin products. A copy of the operative complaint in that action is attached hereto as Exhibit A. Puerto Rico is seeking, *inter alia*, injunctive relief, civil penalties, and restitution owed to Puerto Rico consumers. Ex. A. at 39-40. The U.S. District Court for the District of Puerto Rico recently remanded the Government's action to San Juan Superior Court following the defendants' wrongful removal to federal court. A copy of the remand order is attached hereto as Exhibit B.

The Court should similarly grant leave to permit Hawaiʻi to intervene. Hawaiʻi Revised Statutes § 480-18 authorizes the Attorney General to investigate potential unfair or deceptive trade practices, and § 480-14 authorizes the Attorney General to "bring an action on behalf of the State" and "natural persons residing in the State" to recover damages resulting from violations of the unfair or deceptive trade practices statute. Pursuant to that authority, Hawaiʻi has been investigating pharmacy benefit managers for more than a year and will soon file an action related to their unfair and deceptive practices that increase the costs of prescription drugs, including insulin products. The Government anticipates seeking, *inter alia*, injunctive relief, civil penalties, and restitution owed to Hawaiʻi consumers. The settlement could potentially interfere with those claims.

The Tentative Settlement with Eli Lilly (Dkt. No. 639-3) is nationwide and includes consumers in both Hawaiʻi and Puerto Rico. As explained in the Memorandum filed by Mississippi, Minnesota, and Arizona (Dkt. No. 672-1), the monetary relief in the Tentative Settlement (Dkt. No. 639-3 at 9-12) falls into two categories: (1) monetary relief for consumers who currently utilize Eli Lilly insulin products ("current customers"); and (2) monetary relief for consumers who previously utilized Eli Lilly insulin users ("former customers"). For current customers, Eli Lilly will offer its insulin products for no more than $35 out of pocket for four years—something Eli Lilly has already publicly agreed to do outside the settlement agreement. For former customers, Eli Lilly will establish a $13,500,000 settlement fund. This monetary relief



September 29, 2023
Page 3

is minuscule when compared to the billions of dollars Eli Lilly generated from insulin products over the last decade.  Further, although the settlement agreement releases Eli Lilly from 14 years' worth of misconduct, it provides no option for current customers to opt out.

Puerto Rico and Hawai'i also seek leave to join previously asserted objections to the scope of the proposed settlement. The Tentative Settlement's release provisions purport to cover "all causes of action, claims, demands, suits, arbitrations, mediations, petitions, liabilities, rights, and damages or any kind and/or type (including, but not limited to, . . . restitution . . . and/or attorneys' fees . . .)" on behalf of  "all Persons in the United States" who paid for Eli Lilly products from 2009 through the entry of the Final Approval Order in this action (Dkt. No. 639-3, ¶¶ 30, 34, 66). As explained in the objecting states' Memorandum (Dkt. 651-1), although Eli Lilly has offered to amend the Tentative Settlement to exclude the release of a state's right to "vindicate exclusively sovereign interests," Eli Lilly has threatened to use the proposed settlement language to interfere with states' sovereign interests and *parens patriae* authority to enforce state laws, including, but not necessarily limited to, seeking restitution on behalf of consumers (Dkt. No. 672-1 at 1-5). Numerous government entities, including Puerto Rico and Hawai'i, harbor serious concerns that the phrase "exclusively sovereign interests" is sufficiently ambiguous as to potentially preclude states from seeking appropriate relief, including restitution and civil penalties.  *Id*. at 4-5.

For the foregoing reasons, the Governments of Puerto Rico and Hawai'i request that the Court grant them leave to join Illinois, Nebraska, and Utah's Motion to Intervene and Objection to Preliminary Approval of Class Action Settlement and to join Mississippi, Minnesota, and Arizona's Motion to Intervene and Objection to Preliminary Approval of Class Action Settlement.

Respectfully submitted,

*/s/ David I. Ackerman*
David I. Ackerman
NJ Bar No. 014372002

*Counsel for the Governments of the Commonwealth of Puerto Rico and the State of Hawai'i*



September 29, 2023
Page 4

**DOMINGO EMANUELLI**
**SECRETARY OF JUSTICE**
**DEPARTMENT OF JUSTICE**
**OF PUERTO RICO**

Guarionex Díaz Martínez
*Pro Hac Vice* to be submitted
Assistant Secretary
Department of Justice
RUA 20516
P.O. Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-2900
gdiaz@justicia.pr.gov

Andrés W. López
*Pro Hac Vice* to be submitted
TSPR 15185
The Law Offices of
Andrés W. López, P.S.C.
P.O. Box 13909
San Juan, PR 00908
Tel. (787) 294-9508
andres@awllaw.com

David Ackerman
Linda Singer
*Pro Hac Vice* to be submitted
Elizabeth Paige Boggs
*Pro Hac Vice* to be submitted
Motley Rice LLC
401 9th Street, NW, Suite 630
Washington, DC 20004
Tel. (202) 386-9626
Fax. (202) 386-9622
dackerman@motleyrice.com
lsinger@motleyrice.com
pboggs@motleyrice.com

Cc: All counsel of record *via* ECF

**ANNE E. LOPEZ**
**ATTORNEY GENERAL OF HAWAIʻI**

Ciara W.K. Kahahane
Deputy Attorney General
Department of the Attorney General
State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Tel. (808) 587-2952
ciara.wk.kahahane@hawaii.gov

Linda Singer
*Pro Hac Vice* to be submitted
David Ackerman
Elizabeth Paige Boggs
*Pro Hac Vice* to be submitted
Motley Rice LLC
401 9th Street, NW, Suite 630
Washington, DC 20004
Tel. (202) 386-9626
Fax. (202) 386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com
pboggs@motleyrice.com