<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | Case No. 2:17-cv-699 (BRM)(LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is putative plaintiffs' ("Plaintiffs") Motion for Partial Reconsideration (ECF No. 760), seeking reconsideration of the Court's Opinion and Order (ECF Nos. 756, 757) granting in part and denying in part Defendants' Motion to Dismiss. Defendants Novo Nordisk Inc., Sanofi-Aventis U.S. LLC, and Eli Lilly and Co. (collectively, "Defendants") filed a response in opposition. (ECF No. 761.) Having reviewed and considered the submissions filed in connection with the Motion, and for the reasons set forth below and for good cause having been shown, Plaintiffs' Motion for Partial Reconsideration is **DENIED**.

**I.   BACKGROUND**

**A.  Factual History**

As the factual and procedural backgrounds of this matter are well-known to the parties, the Court will address only the facts pertinent to this Opinion. This action arises out of Plaintiffs' challenge to Defendants' allegedly unfair and unconscionable pricing scheme for their insulin products. (*See* ECF No. 732.) Plaintiffs are analog insulin consumers who filed the Fourth Amended Complaint on behalf of themselves and all other similarly situated, divided into three classes: (1) Nationwide mail-order RICO class; (2) Nationwide consumer fraud deception class

under New Jersey law; and (3) Single-state consumer fraud deception damages classes. (*Id*. ¶¶ 27–175, 307.)

Plaintiffs contend Defendants, who manufacture the vast majority of insulins and other diabetic medications available in the United States, worked together to artificially and willingly raise their list prices of insulin medications, and then paid an undisclosed portion of that price back to pharmacy benefit managers ("PBMs") in order to gain formulary preference. (*Id*. ¶¶ 1–7, 11, 14.) PBMs are third-party administrators that negotiate drug costs and payments between health insurance providers and drug manufacturers. (*Id*. ¶¶ 11, 353, 383.) Drug manufacturers set the list prices for their prescription drugs, including insulin. (*Id*. ¶ 203.) Plaintiffs allege that over the relevant time period, Defendants often unjustifiably raised prices in lockstep, despite the fact that the cost to produce these drugs decreased during the same time period, causing Plaintiffs to overpay for insulin products. (*Id*. ¶¶ 6–11, 19–20, 25, 28–30, 227–31, 264–65, 282–87.)

### B. Procedural History

On April 20, 2021, Plaintiffs filed their Third Amended Class Action Complaint. (ECF No. 411.) Defendants filed a Partial Motion to Dismiss the Third Amended Class Action Complaint (ECF No. 422), which the Court granted in part and denied in part (ECF No. 505). Plaintiffs filed a Motion for Class Certification on September 20, 2022. (ECF Nos. 574, 575.) On January 24, 2024, the Court denied Plaintiffs' Motion for Class Certification and ordered Plaintiffs "to file a Fourth Amended Complaint with new proposed classes." (ECF No. 722.) Plaintiffs filed their Fourth Amended Complaint on March 11, 2024. (ECF No. 732.) On May 20, 2024, Defendants filed their Motion to Strike or Dismiss Plaintiffs' Fourth Amended Complaint. (ECF No. 744.) The Court denied Defendants' Motion to Strike and granted in part and denied in part Defendants'

Motion to Dismiss, dismissing with prejudice Plaintiffs' RICO and state-law unfairness claims and sustaining Plaintiffs' state-law deception claim on December 31, 2024. (ECF Nos. 756, 757.)

Plaintiffs filed their motion for partial reconsideration of the Court's December 31, 2024 Opinion and Order dismissing with prejudice Counts One and Two on January 14, 2025. (ECF No. 760.) Defendants filed their opposition to Plaintiffs' Motion on February 4, 2025. (ECF No. 761.)

## II. LEGAL STANDARD

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477–78 (D.N.J. 2014). Motions for reconsideration should not serve as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To prevail on a motion for reconsideration, the moving party bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). A

court commits a clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). Moreover, when the assertion is that the court overlooked something, the court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i). In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Shoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."). Finally, a motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus. Inc.*, 935 F. Supp. at 516.

### III.  DECISION

Plaintiffs argue the Court's decision is "clearly erroneous and will result in a manifest injustice" for two reasons: (1) "the Court clearly erred in applying the law-of-the-case doctrine," and (2) Plaintiffs' narrowed claims sufficiently alleged a direct purchaser relationship with the RICO enterprise through their mail order purchases from Defendants' co-conspirators. (ECF No. 760 at 2–3.) Plaintiffs first argue the Court's decision invoking the law-of-the-case doctrine was erroneous because the doctrine does not apply to interlocutory orders such as the Court's prior motion to dismiss ruling. (*Id*. at 3–8.)

The law-of-the-case doctrine precludes review of legal issues previously decided. *See In re City of Phila. Litig.*, 158 F.3d 711, 717–18 (3d Cir. 1998); *see also Hamilton v. Leavy*, 322 F.3d 776, 786–87 (3d Cir. 2003) ("The law of the case doctrine 'limits relitigation of an issue once it

has been decided' in an earlier stage of the same litigation." (quoting *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002))). The doctrine "only applies within the same case," *Farina v. Nokia Inc.*, 625 F.3d 97, 117 n.21 (3d Cir. 2010), and affects only issues that were "expressly" or "necessarily resolved" by prior decisions in the same case, *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 881 n.10 (3d Cir. 2020). The law-of-the-case doctrine is designed to "promote finality, consistency, and judicial economy." *Hamilton*, 322 F.3d at 787; *see also United States ex rel. Petratos v. Genetech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (finding the law-of-the-case doctrine is "a judicial rule of practice meant to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." (internal quotation marks and citation omitted)).

Notably, the law-of-the-case doctrine is discretionary, *see Centennial Plaza Prop., LLC v. Trane U.S. Inc.*, 771 F. Supp. 3d 481, 487 n.10 (D.N.J. 2025) (citing *In re Celgene Corp., Inc. Sec. Litig.*, 747 F. Supp. 3d 748, 761 (D.N.J. 2024)), and "does not limit a federal court's power; rather, it directs its exercise of discretion," *Pub. Interest Rsch. Grp. Of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). See also *Palmieri v. Intervet Inc.*, Civ. A. No. 19-22024, 2025 WL 1811271, at *4 (D.N.J. June 30, 2025) ("[T]he phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." (alteration in original) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)).

Plaintiffs cite to the unpublished case *United States v. Bhimani*, Civ. A. No. 22-1436, 2023 WL 5125056, at *3 (3d Cir. Aug. 10, 2023), for the proposition that this Court cannot apply the law-of-the-case doctrine to decisions ruling on a motion to dismiss because it is not a final order. (*See* ECF No. 760 at 3–5.) However, the defendant in *Bhimani* asked the Court to apply the law-

5

of-the-case doctrine to the predecessor judge's decision to exclude video evidence in a criminal trial. 2023 WL 5125056, at *2. The defendant was calling for the Court to apply the doctrine to its previous discovery decision, which the Court declined to do. (*Id*. at *3.) Motions to dismiss are neither discussed nor even mentioned in this Opinion. (*See generally id*.)

Indeed, as Defendants point out, Plaintiffs took a different position when it behooved them to do so, arguing the Court's prior motion to dismiss decisions "should continue to govern." (ECF No. 761 at 8–9 (citing ECF No. 747 at 27–28).) Moreover, Plaintiffs' position that the law-of-the-case doctrine cannot apply to decisions on a motion to dismiss is misplaced. *See Prod. Source Int'l, LLC v. Foremost Signature Ins. Co.*, 234 F. Supp. 3d 619, 624–25 (D.N.J. 2017) (applying law-of-the-case doctrine to defendant's motion to dismiss the amended complaint as to issues decided in the court's opinion addressing defendant's motion to dismiss the complaint); *Surina v. S. River Bd. of Educ.*, Civ. A. No. 17-2173, 2019 WL 1916206, at *5 (D.N.J. Apr. 30, 2019) (dismissing plaintiffs' "attempt to revive" through amended complaint claims that had previously been dismissed); *Falat v. Cnty. of Hunterdon*, Civ. A. No. 12-6804, 2014 WL 6611493, at *6 (D.N.J. Nov. 21, 2014) (dismissing causes of actions and claims against specific defendants in amended complaint after previous dismissal); *Davidson v. Corr. Med. Servs., Inc.*, Civ. A. No. 08-3580, 2008 WL 5330544, at *6 (D.N.J. Dec. 15, 2008) (dismissing claims in amended complaint under law-of-the-case doctrine after plaintiff "misconstrued" court's previous dismissal order and asserted claims against defendants previously dismissed from the case); *Tenny J. Commc'ns, Inc. v. Verizon N.J., Inc.*, Civ. A. No. 19-19183, 2022 WL 1912390, at *5 (D.N.J. June 2, 2022) (dismissing claims in an amended complaint that were previously dismissed pursuant to the law-of-the-case doctrine).

To the extent Plaintiffs argue the Court misconstrued its own previous Order dismissing claims (ECF No. 760 at 8–13), the Court outright rejects this argument. The Court's previous Opinion clearly dismisses Plaintiffs' RICO claims and explains the rationale behind the dismissal. (ECF No. 756 at 19.) *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (finding a court commits clear error of law "only if the record cannot support the findings that led to the ruling"). Plaintiffs are now, again, trying to artfully plead and argue their way around the Court's ruling to revive their RICO claims. If Plaintiffs were merely unhappy with the Court's decision dismissing their RICO claims, they should have sought reconsideration of this ruling within the time limits set by this Court's Local Rules. Instead, Plaintiffs exceeded the scope of the Court's Order requiring them to replead a Fourth Amended Complaint with new proposed classes and are now essentially arguing they do not agree with the Court's determination, which is inappropriate for a motion for reconsideration. *See P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352 ("A party seeking reconsideration must show more than a disagreement with the Court's decision[.]" (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Accordingly, Plaintiffs' Motion for Partial Reconsideration is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Partial Reconsideration (ECF No. 760) is **DENIED**. An appropriate Order follows.

**Date: September 24, 2025**　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**